**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROVI CORPORATION, ROVI GUIDES,** | § | |
| **INC., UNITED VIDEO PROPERTIES,** | § | |
| **INC., and INDEX SYSTEMS, INC.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | Civil Action No. 11-1140-RGA |
| **HAIER GROUP CORP.** | § | |
| **and HAIER AMERICA TRADING, LLC,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.    **Application.**    This Protective Order ("Order") governs the production or exchange of documents and other information in connection with the above-captioned action ("Action") by or between Rovi Corporation, Rovi Guides, Inc., United Video Properties, Inc., and Index Systems, Inc. and Haier America Trading, LLC (collectively, the "Parties"), and any third parties, either through the formal discovery process or informally.

2.    **Non-Disclosure to Jury.**    This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the Parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial, or referred to in any trial, save and except a trial that involves issues related to any provision of this Order.

3.    **Confidential Information.**    Upon a determination by any Party or third party producing information (the "Producing Party") to a Party receiving such information (the "Receiving Party") that any document, thing, or other information being produced or disclosed

in connection with the Action (whether formally or informally) constitutes or embodies confidential information pertaining to its business (including matters that may have been disclosed to third parties, who are not under obligations of confidentiality, but not to the public generally), the Producing Party may designate such document, thing, or other information "CONFIDENTIAL" ("CONFIDENTIAL Information"). For example, CONFIDENTIAL Information may include, but is not limited to, financial information, marketing and sales information, customer lists, business plans, personnel information, product plans, and technical information about products.

4. **Outside Counsel's Eyes Only.** The Parties acknowledge that there will be confidential information produced for which a higher level of protection is required; such information may be designated as "OUTSIDE COUNSEL'S EYES ONLY" ("OUTSIDE COUNSEL'S EYES ONLY Information"). OUTSIDE COUNSEL'S EYES ONLY Information designations should be used only for sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures. For example, OUTSIDE COUNSEL'S EYES ONLY Information may include, but is not limited to, design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, materials submitted to regulatory agencies, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, training materials, and similar information provided that the information meet the foregoing requirements.

5. **Outside Counsel's Eyes Only – Source Code.** In the event that source code is

produced, it may be designated as "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE."   A Producing Party may designate information or documents as "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret source code. As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, or other translator. The Parties' inclusion of provisions in this Protective Order concerning source code shall not be used by any Party to argue that source code should be produced or construed as a concession that Defendants' source code is discoverable.

6.    **Protected Information.** CONFIDENTIAL Information, OUTSIDE COUNSEL'S EYES ONLY Information, and OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE Information shall hereafter be collectively referred to as Protected Information in this Order.

7.    **Designation.**   When reasonably possible the Producing Party shall identify information protected by this Protective Order by affixing to such information, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE" on each page asserted to include such information or on a conspicuous portion of any thing, including any computer disk or other electronic storage media. Any summary, compilation or copy of any document or thing designated "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE" that is prepared by the Receiving Party shall be treated as if it were given the same confidentiality designation as the underlying document or thing. The Parties shall put forth a good faith effort in making their confidentiality designations to avoid designating as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE" documents which do not

warrant those designations under the standards set forth above. The "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE" designations shall, wherever practicable, be made before or at production or disclosure, except in the case of deposition transcripts, which shall be designated as set forth in ¶ 17. In the event that a third party produces documents that contain Protected Information belonging to either or both Parties, either or both Parties may, within 30 days of the receipt of documents produced by the third party, designate such documents as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE." If the Producing Party elects to produce documents or things for inspection, no confidentiality designations need be made by the Producing Party in advance of the inspection. After the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate confidentiality designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or things selected for copying, all information made available for inspection must be treated as if they had been designated as "OUTSIDE COUNSEL'S EYES ONLY" Information unless the Producing Party indicates that certain of the documents include source code, in which case those documents shall be treated as "OUTSIDE COUNSEL'S EYES ONLY-SOURCE CODE". If Protected Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently labeled with a confidentiality designation, the Producing Party must inform the Receiving Party in writing when this Protected Information is produced. The Parties shall then confer and agree, in writing, on an appropriate way of designating this information.

8.     **Disclosure of Confidential Information.** No Party receiving any document or thing designated "CONFIDENTIAL" in accordance with ¶ 7 of this Order shall disclose any

such CONFIDENTIAL Information to any other person or entity, except to the following:

    a.    the Court and its personnel;

    b.    the law firms of record and in-house counsel of the Parties and their support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this Action;

    c.    testifying and consulting experts (and their support personnel) advising and assisting such counsel in the preparation or trial of the Action. Disclosures to experts are subject to ¶ 13;

    d.    court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

    e.    providers of litigation support services, including but not limited to graphics, translation, design, hosting, copying, e-discovery, document review, and/or trial consulting services, including mock jurors, retained by a Party or their counsel in connection with this Action;

    f.    a person whose deposition testimony is being taken, subject to ¶ 15;

    g.    up to three corporate officers/employees for each side who have responsibility for managing or assisting with this Action (including persons regularly employed by a Party in an information technology position who may be providing technical assistance) or who have responsibility for making decisions about possible settlement of the Action, only to the extent that such disclosure is, in the opinion of outside counsel, reasonably necessary for the prosecution or settlement

of the Action, and only if the person signs a Confidentiality Agreement in the form attached as in Exhibit A and that agreement is served on the other Parties to this Action prior to any disclosure of CONFIDENTIAL Information; and

h.  any other person with the prior written consent of the Producing Party.

9.  **Disclosure of Outside Counsel's Eyes Only Information.**  No Party receiving any document or thing designated "OUTSIDE COUNSEL'S EYES ONLY" in accordance with ¶ 7 of this Order shall disclose any such OUTSIDE COUNSEL'S EYES ONLY Information to any other person or entity, except to the following:

a.  the Court and its personnel;

b.  the law firms of record and their support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this Action;

c.  testifying and consulting experts (and their support personnel) advising and assisting such counsel in the preparation or trial of the Action. Disclosures to experts are further subject to ¶ 13;

d.  court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.  providers of litigation support services, including but not limited to graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party or their counsel in connection with this Action;

f.  a person whose testimony is being taken, subject to ¶ 15;

g.        any other person with the prior written consent of the Producing Party.

In no event shall the persons listed above in subparagraphs (a)-(g) be either a Party to this Action or an officer, director, or employee of a Party to this Action, unless authorized by a prior order of the Court or the prior written approval of the Producing Party.

10.        **Disclosure and Protection of Source Code.**        Source code designated as "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" shall be subject to the following provisions:

a.        "Source code" includes documents and human-readable programming language text that define software, firmware, or electronic hardware descriptions (hereinafter referred to as "source code"). Text files containing source code shall hereinafter be referred to as "source code files." Source code files include, but are not limited to files containing text written in "C", "C++", assembly, VHDL, Verilog, and digital signal processor ("DSP") programming languages. Source code files further include ".include files," "make" files, link files, and other human-readable text files and documents used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

b.        The Producing Party shall make all properly requested source code available for inspection on a stand-alone, non-networked personal computer or computers running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer(s)"). Should it be necessary, the Source Code Computer(s) may be configured by the Producing Party to run on other mutually agreed upon operating

systems, such as Linux.

c.      The Producing Party shall make the source code available in its native format in a secure room at a secure facility at a location agreed to by the Producing Party and Receiving Party or ordered by the Court. The Producing Party shall make the source code available in such a way that the produced source code reflects the file structure of the source code as it is maintained by the Producing Party at the time of production of the source code.

d.      Continuing through the end of trial, the Source Code Computer(s) may be moved to a location agreed to by the Producing Party and Receiving Party or ordered by the Court.

e.      The Producing Party may not videotape or otherwise monitor review of source code by the Receiving Party.

f.      The Receiving Party may use appropriate tool software on the Source Code Computer(s). The Producing Party shall be responsible for installing, at the Producing Party's expense, if any, basic utilities and tools that are sufficient for viewing and searching the code produced on the platform produced, if such tools exist and are presently used in the course of the Producing Party's business. At a minimum, the utilities or tools should provide the ability to (1) view, search, and line-number any source file, (2) search for a given pattern of text through a number of files, and (3) compare two files and display their differences. The Receiving Party may also request that other commercially available utilities or tools be installed

on the Source Code Computer(s). In the event the Receiving Party seeks to use other commercially available utilities or tools, licensed copies of tool software shall be installed on the Source Code Computer(s) by the Producing Party at the Receiving Party's request. The Receiving Party shall either provide the tools on CD or DVD or undertake to pay for such requested tools downloaded and installed by the Producing Party.

g.      The Source Code Computer(s) shall be made available from 9 a.m. to 5 p.m. local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request and two business days advanced written notice (which may be via email) until the conclusion of the trial of this action.

h.      The Source Code Computer(s) shall be equipped with a printer to print copies of the source code on yellow, pre-Bates numbered paper, which shall be provided by the Producing Party upon request of the Receiving Party. All printed source code shall be logged by the Receiving Party to facilitate destruction certification. In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's source code, all printed copies of the source code maintained by the Receiving Party must be kept in a locked storage facility when not in use. No electronic copies of the source code shall be made by the Receiving Party except for electronic copies made for filing (under seal) in a proceeding with the Court, for inclusion in an expert report, or for use for presentation purposes at trial or in a hearing in this matter. The Receiving Party will

> limit its printing of paper copies of the source code to source code that is reasonably related to this case.

> i.    Access to the stand-alone computer shall be permitted to outside counsel representing the Receiving Party and experts retained by the Receiving Party, all of whom are able to access Outside Counsel's Eyes Only Information under this Protective Order (*e.g.*, under ¶ 9).

11.    **Use of Protected Information.** Receiving Parties are permitted to use Protected Information produced by another Party solely and exclusively for the purpose of litigating the Action. All other uses, including but not limited to, business uses, litigation uses in connection with other legal actions or matters, and patent prosecution uses, are strictly prohibited. This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

12.    **Filings with and Presentations to this Court.** Any documents or things designated as Protected Information that are to be filed with the Court shall be filed under seal with the Clerk of the Court according to any local rules and procedures of the Court. The Parties shall follow the procedures set out in for any pleading, motion, or exhibit to be filed with the Court that includes or reveals Protected Information. In the event that any material designated as Protected Information is used in a proceeding with the Court, including but not limited to use at trial, the parties shall take all steps reasonably required to protect its confidentiality during such use, including requesting that the Court clear the courtroom. The Parties agree that such filing or use does not compromise the Protected status of such information. No Protected Information of a Producing Party shall be filed with the Court by a Receiving Party unless it is filed under seal.

13.    **Disclosure to Experts.** Counsel for the Receiving Party may disclose Protected

STIPULATED PROTECTIVE ORDER          10

Information (subject to the provisions of ¶ 11) to testifying and consulting experts assisting in the preparation for and/or trial of this Action, subject to the provisions of this paragraph. A Party desiring to disclose Protected Information to experts shall first obtain from each such expert a signed Confidentiality Agreement in the form attached as in Exhibit A, a current resume, a list of all publications by such proposed expert for the past five years, a list identifying all lawsuits in which such proposed expert has testified in deposition, hearing or trial, and a list identifying all employers of such expert for the past five years.[1] A copy of the signed Confidentiality Agreement, resume and lists shall be served upon opposing counsel. The opposing Party shall then have five business days from receipt of notice to serve a specific written objection to such disclosure. If an objection is served within the five-business-day period, there shall be no disclosure to such expert or except by agreement of the Parties, waiver of the objection as provided herein, or the Court's refusal to enter an order barring such disclosure as provided herein. If no objection is served within the five-day period, objections are waived, unless a new ground for objection (resulting from a material nondisclosure by such expert or a subsequent material change in such expert's circumstances) arises after such time. No Party may object to the selection of an expert unreasonably. If a Party objects pursuant to the provisions of this paragraph, the Parties shall meet and confer regarding the objection within five business days of the objection. If the Parties cannot resolve their dispute on the terms of disclosure via the meet and confer process, the Party making the objection may apply

---

[1] If the expert believes that any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the expert shall put the other Parties on notice of this fact at the time of the disclosure of the expert's information and be available to meet and confer with the other Parties regarding any such engagement.

STIPULATED PROTECTIVE ORDER        11

to the Court for an order barring disclosure of Protected Information to such person, or other appropriate relief. Such an application to the Court shall be made within 10 business days of the meet and confer between the Parties (or such longer period agreed to by the Parties in writing) but in no event longer than 30 days from the date of receipt of the original notice of the expert as described herein, or the objection will be deemed to have been waived. The Party opposing the disclosure shall have the burden of establishing that the disclosure should not occur.

14.     **Expert Discovery Exemptions.**  A testifying or non-testifying expert's draft reports, notes, outlines, draft or unfiled declarations, and any other writings made in connection with the expert's work in this Action are exempt from discovery and shall be inadmissible in this Action. In addition, all communications with, and all materials generated by, a testifying or non-testifying expert with respect to his or her work in this Action are exempt from discovery. The above exemptions do not apply to documents or things relied upon by a testifying expert in forming his or her opinions as set forth in his or her final report(s), declarations submitted to the Court or served on another Party, or testimony. Subject to the above exemptions, this paragraph does not otherwise limit the information discoverable under, or required to be disclosed under, the Federal Rules, including discovery into underlying facts or data considered by a testifying expert (*e.g.*, prior art attached to an email sent by counsel would be discoverable, but not the email itself).

15.     **Use of Protected Information During Testimony.**  Absent the consent of the Producing Party or an order of the Court, Protected Information of a Producing Party may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

STIPULATED PROTECTIVE ORDER          12

    a.    an existing employee or 30(b)(6) designee of the Producing Party;

    b.    a person duly qualified to review the Information under this Protective Order;

    c.    reasonably believed by counsel taking testimony to have authored or received the Protected Information (except that OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE Information may not be shown to the witness); or

    d.    a former employee or consultant to whose employment or consultancy the CONFIDENTIAL Information pertained, so long as (1) the Information was created during the course of his or her employment or consultancy, (2) the person signs the Confidentiality Agreement attached as Exhibit A before receipt of the information, (3) the employment or consulting relationship was terminated less than five years prior to the deposition, and (4) the information is not OUTSIDE COUNSEL'S EYES ONLY, or OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE Information.

Should the need arise during the trial or any hearing in open court for a party to cause Protected Information to be disclosed, such disclosure may only be made after the Producing Party has the opportunity to request that the Courtroom be sealed or seek other safeguards from the Court. The party seeking to make such disclosure shall provide reasonable notice of its intent to the Producing Party, and shall not object to reasonable requests for such safeguards.

    16.    **Attendees at Protected Information Depositions.** Any attendee at a deposition (other than a court reporter or videographer) in which Protected Information is shown or discussed must be qualified under this Order to review such information. The Parties expressly

agree that all persons not so qualified may be excluded from the portion of any deposition during which such Information is shown or discussed.

17. **Protected Information in Transcripts**. Any party or deponent may designate portions of a deposition transcript or an exhibit used at the deposition as Protected Information provided such designation is either (a) made on the record during the deposition (in which case the transcript of the designated testimony shall be bound in a separate volume and marked as either "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" by the reporter) or (b) made by written notice to all counsel of record (email is an example of written notice) within 20 business days after a final deposition transcript is received by the deponent or his or her counsel. Before expiration of the 20 business days, the parties shall treat the deposition transcript as if it contains OUTSIDE COUNSEL'S EYES ONLY Information.

18. **Use of Public or Independently-Obtained Discovery Material.** Any Party may apply to remove the restrictions set forth herein on discovery material designated as Protected Information based upon a showing that such material had been:

    a.    available to the public at the time of its production hereunder;

    b.    available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

    c.    in the possession of the Receiving Party, having been lawfully acquired from another having rights to disclose the same (notwithstanding the above, any confidentiality or restrictions of use obligations placed on the material by the other party must continue to be followed).

19. **Challenges to Designations.** The Parties acknowledge that it may be impractical to assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by a Party or third party in the course of this Action contemporaneously with its receipt. Therefore, if a Party wishes to challenge the designation, or lack thereof, of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which reclassification reasonably appears to be appropriate. The Producing Party shall, within five business days after receipt of the Receiving Party's request for reclassification, make a good-faith determination as to whether the information at issue should be reclassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or no response is received from the Producing Party within 20 days, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Producing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

20. **Inadvertent Production of Protected Information.** Inadvertent failure to designate documents or things as Protected Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information should have been designated as Protected Information, the Producing Party must notify all other Parties. In

STIPULATED PROTECTIVE ORDER          15

such event, within 15 days of notifying all other Parties, the Producing Party must provide copies of the Protected Information designated in accordance with this Order. After receipt of such re-designated information, this Protected Information shall be treated as required by this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in improperly-designated documents or things occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

21.    **Unauthorized Disclosure of Designated Discovery Material.** In the event of a disclosure of any discovery material designated as Protected Information to a person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Party whose discovery material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed discovery material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

22.    **Third-Party Confidentiality.** Where a discovery request calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party, the confidentiality obligations shall not preclude the information from being produced unless the third party or Producing Party obtains a protective order from this Court. The Producing Party may withhold production for a period of 10 business days after (a) the due date for responses to such a request, (b) entry of this Order, or (c) after learning in good faith that the request sought or seeks specific material as to which a third party confidentiality obligation

exists, whichever is later, in order to provide appropriate notice to the third party.

23.     **Subpoena of Protected Information.** If at any time Protected Information of a Producing Party in possession of a Receiving Party is subpoenaed or requested by any court, arbitral, administrative or legislative body, the person to whom the subpoena or request is directed shall within five business days give written notice thereof to every party that has produced such discovery material (or their counsel) and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within 10 business days of the date written notice is given, the party to whom the referenced subpoena or request is directed may produce such discovery material in response thereto. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of discovery material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

24.     **Inadvertent Disclosure of Privileged Information.** Inadvertent production of information subject to the attorney-client privilege and attorney-work-product doctrine ("privileges") shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.

> a.      If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege (the "Clawed-Back Materials"), the Producing Party must notify all other Parties as soon as is practicable. The Producing Party of the Clawed-Back Materials does not, however, need to show that the information qualifies as privileged

STIPULATED PROTECTIVE ORDER          17

information, or that the production was inadvertent. In such event, the Receiving Parties must immediately—and regardless of any argument as to waiver—return the Clawed-Back Materials along with all duplicates, and shall destroy any the portion of any notes, summaries, extracts or abstracts that rely upon or refer to such Clawed-Back Materials. Once notified of the production of privileged information, the Receiving Party shall not duplicate the Clawed-Back Materials, or distribute the privileged information by any means other than returning it to the Producing Party. Within 10 business days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the Clawed-Back Materials. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of the Clawed-Back Materials occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege, except to the extent that the Clawed-Back Materials should have been returned to the Producing Party subject to subparagraph (b) below.  Insofar as the Receiving Party wishes to challenge the claim of privilege or work product with respect to the Clawed-Back materials, it must do so based on the privilege log and without relying on the information it learned from the Clawed-Back materials.

b.  If the Receiving Party discovers materials that clearly appear to be inadvertently produced privileged materials (the "Obviously Privileged Materials"), the Receiving Party will refrain from examining the

Obviously Privileged Materials any more than is essential to ascertain if the materials are privileged and shall immediately notify the Producing Party that they possess material that appears to be privileged. Within 10 business days, the Producing Party must confirm or deny that the materials are privileged. If they are confirmed to be inadvertently produced and privileged, then the Receiving Party must immediately return or destroy them and the Producing Party must provide a privilege log to all Parties that lists the Obviously Privileged Materials within 10 business days.

25. **Continuing Jurisdiction.** After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further Court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access by virtue of involvement in this Action to Protected Information pursuant to this Order, so that the Court can continue to enforce this Order.

26. **Modification.** The Court may modify this Order upon a showing of good cause. Nothing in this Order shall be construed as precluding any Party from seeking such modification.

27. **Return or Destruction of Confidential Information and Outside Counsel's Eyes Only Information.** Within 45 calendar days after the final conclusion of this Action, including all appeals, unless the Parties agree in writing to the contrary, all originals or reproductions of any documents produced by a Producing Party containing Protected Information shall be destroyed except that each outside counsel of record and (where permitted under paragraphs 7 and 8) in-house counsel shall be entitled to retain any attorney work product

and, for archival purposes, one paper and one electronic copy of pleadings, hearing and trial transcripts, written discovery, correspondence and memoranda, which contain or refer to Protected Information. Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Protected Information from any firm's electronic disaster recovery systems after the conclusion of the Action.

28. **Return or Destruction of Outside Counsel's Eyes Only – Source Code Information.** Within 45 days of the conclusion of this Action, information designated "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" must be returned to the Producing Party, and each trial counsel, retained expert or consultant who had access to such materials must sign a declaration that shall be sent to the Producing Party certifying that:

> (a) to the best of that person's knowledge, all such materials have been returned to the Producing Party; and
>
> (b) every copy, whether whole or partial, of such materials that exists in electronic, magnetic or other machine-readable form has been permanently deleted.

Notwithstanding the provisions of subparagraphs (a) and (b) herein, counsel of record for each Receiving Party may retain one paper copy of all pleadings, including retained expert reports, exchanged by the parties or filed with the Court that contain excerpts of such materials. However, to the extent source code excerpts are included as exhibits to a pleading or report (as

opposed to being summarized or excerpted in the body of the document), the exhibits must be returned.

29. **Right to Seek Additional Protection of Discovery Information.** This Protective Order is entered without prejudice to the right of any Party to seek further or additional protection of discovery information for which the protection of this order is not believed by such Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

30. **Injunctive Relief.** In the event anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this action.

31. **Persons Bound by Order.** This Protective Order shall be binding upon the Parties hereto and any persons who have executed the Confidentiality Agreement attached as Exhibit A, their attorneys, their successors, their executors, their representatives, their administrators, their heirs, their assigns, their subsidiaries, their divisions, their employees, their agents, their retained consultants and experts, and any persons or organizations over which they have direct control.

32. **No Waiver of Rights.** Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in

evidence in this action or any other proceeding.

33.    **Other Proceedings.**   By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard on whether that information should be disclosed.

<table>
<tr><td>

*/s/ Chad S.C. Stover*
Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
Novak Druce Connolly Bove + Quigg LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
frank.digiovanni@novakdruce.com
chad.stover@novakdruce.com

</td><td>

*/s/ Monté T. Squire*
Adam W. Poff (#3990)
Monté T. Squire (#4764)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6630
apoff@ycst.com
msquire@ycst.com

</td></tr>
<tr><td>

Yar R. Chaikovsky (*pro hac vice*)
David L. Larson (*pro hac vice*)
Hong S. Lin (*pro hac vice*)
Jeremiah A. Armstrong (*pro hac vice*)
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
(650) 815-7400
ychaikovsky@mwe.com
dlarson@mwe.com
hlin@mwe.com
jarmstrong@mwe.com

</td><td>

Yitai Hu (*pro hac vice*)
Sean P. DeBruine (*pro hac vice*)
Elizabeth H. Rader (*pro hac vice*)
Jennifer Liu (*pro hac vice*)
Alston & Bird LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
(650) 838-2000
yitai.hu@alston.com
sean.debruine@alston.com
elizabeth.rader@alston.com
celine.liu@alston.com

</td></tr>
<tr><td>

Joel M. Freed (*pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, DC 20001

</td><td>

*Attorneys for Defendant Haier America
Trading, LLC*

</td></tr>
</table>

STIPULATED PROTECTIVE ORDER          22

(202) 756-8000
jfreed@mwe.com

*Attorneys for Plaintiffs*

Dated:  February 20, 2013

IT IS SO ORDERED.

DATED this 25th day of February, 2013.

The Honorable Richard G. Andrews

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROVI CORPORATION, ROVI GUIDES,<br>INC., UNITED VIDEO PROPERTIES,<br>INC., and INDEX SYSTEMS, INC.,<br>**Plaintiffs,** | §<br>§<br>§<br>§<br>§<br>§ | |
| **v.**<br>**HAIER GROUP CORP.**<br>**and HAIER AMERICA TRADING, LLC,**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 11-1140-RGA<br><br>**JURY TRIAL DEMANDED** |

### CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING CONFIDENTIAL OR OUTSIDE COUNSEL'S EYES ONLY INFORMATION

I, _____, state the following:

1.    My present employer is _____.

2.    My present occupation or job description is: _____.

3.    I have read and understand the Protective Order ("Order") in the above-captioned action (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

4.     I shall not use or disclose any CONFIDENTIAL Information, OUTSIDE COUNDEL'S EYES ONLY Information, or OUTSIDE COUNSEL'S EYES ONLY – SOURSE CODE Information to others, except in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

5.     **This paragraph is only applicable to experts subject to paragraphs 8(c), 9(c), and 13 of the Protective Order**: I agree to (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order, and (b) provide them with an unsigned copy of this undertaking.

6.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information marked "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" that is disclosed to me.

7.     Promptly upon termination of this Action, I will destroy all materials containing information marked "CONFIDENTIAL," "OUTSIDE COUNSEL'S EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, or return them to the attorneys for the Party by whom I am employed or retained, or who noticed my deposition. I understand that such destruction or return shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

STIPULATED PROTECTIVE ORDER          2

8.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
Signature

_____
Printed Name

_____
Address

DM_US 41218208-5.072826.0029

STIPULATED PROTECTIVE ORDER                    3